**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| BAYOU BLACK ELECTRIC SUPPLY, L.L.C., SPARTAN INDUSTRIAL PRODUCTS, MORGAN CITY RENTALS AND DELTA RIGGING & TOOLS, INC. | * | CIVIL ACTION<br>NO. |
| | * | SECTION " " MAG. DIV. ( ) |
| VERSUS | * | DISTRICT JUDGE: |
| D/B WILLIAM KALLOP, her engines, tackle, equipment, appurtenances, etc., *in rem*, and OFFSHORE SPECIALTY FABRICATORS, LLC, *in personam* | * | MAGISTRATE JUDGE: |

**VERIFIED COMPLAINT**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

NOW INTO COURT, through undersigned counsel, come Plaintiffs herein, BAYOU BLACK ELECTRIC SUPPLY, L.L.C., SPARTAN INDUSTRIAL PRODUCTS, MORGAN CITY RENTALS and DELTA RIGGING & TOOLS, INC., and for their Verified Complaint against OFFSHORE SPECIALTY FABRICATORS, LLC, and D/B WILLIAM KALLOP, and stating an admiralty and maritime claim within the meaning of Rules 9(h) of the Federal Rules of Civil Procedure, and Rules C and D of the Supplemental Rules for Certain Admiralty and Maritime Claims, respectfully represent upon information and belief:

**JURISDICTION AND PARTIES**

I.

This is an admiralty and maritime claim within the meaning of Rules 9(h) of the Federal Rules of Civil Procedure, and Rules C and D of the Supplemental Rules for Certain Admiralty and Maritime Claims. Jurisdiction is based on 28 U.S.C. § 1333.

II.

At all material times, Plaintiff, Bayou Black Electric Supply, L.L.C. (hereinafter "BBES"), was and now is a limited liability company organized under the laws of Louisiana with its principal place of business in Houma, Louisiana.

III.

At all material times, Plaintiff, Spartan Industrial Products (hereinafter "Spartan"), was and now is a company organized under the laws of Louisiana with its principal place of business in Houma, Louisiana.

IV.

At all material times, Plaintiff, Morgan City Rentals (hereinafter "MCR"), was and now is a company organized under the laws of Louisiana with its principal place of business in Houma, Louisiana.

V.

At all material times, Plaintiff, Delta Rigging & Tools, Inc. (hereinafter "Delta"), was and now is a Delaware corporation licensed to do and doing business in the State of Louisiana.

VI.

Upon information and belief, Defendant, Offshore Specialty Fabricators, LLC (hereinafter "OSF"), was and is a limited liability company organized under the laws of the State of Louisiana, and doing business within the State of Louisiana and within the jurisdiction of this Honorable Court, which was at all relevant times the registered owner of *in rem* defendant herein, D/B WILLIAM KALLOP.

VII.

At all material times, Defendant, D/B WILLIAM KALLOP, IMO Number 8639455 (hereinafter the "Vessel"), *in rem*, is, upon information and belief, a foreign flag industrial vessel registered in Panama, 370.70 feet in length, 137.80 feet in width, and with a depth of 26.30 feet, which is and was at all relevant times engaged in maritime commerce upon the navigable waters of the State of Louisiana, and within this district and the jurisdiction of this Honorable Court.

VIII.

From approximately August 2015 through January 2016, BBES, on the order of OSF, as owner of the Vessel, provided services and equipment aboard the Vessel that were essential to and necessary for the operation of the Vessel and the accomplishment of its mission.

IX.

All told, OSF incurred charges to BBES for necessary equipment and services provided to the Vessel in an amount totaling THIRTY-EIGHT THOUSAND FOUR HUNDRED SIX AND 64/100 ($38,406.64) DOLLARS as near as can presently be determined. As of the date of this filing, BBES continues to provide necessary equipment and services to the Vessel, and as such, reserves its right to amend its Complaint to reflect all charges incurred as a result of ongoing furnishing of equipment and services to the Vessel.

X.

From approximately June 2015 through December 2015, Spartan, on the order of OSF, as owner of the Vessel, provided services and equipment aboard the Vessel that were essential to and necessary for the operation of the Vessel and the accomplishment of its mission.

XI.

All told, OSF incurred charges to Spartan for necessary equipment and services provided to the Vessel in an amount totaling FIFTY-ONE THOUSAND SEVEN HUNDRED THIRTEEN AND 72/100 ($51,713.72) DOLLARS as near as can presently be determined. As of the date of this filing, Spartan continues to provide necessary equipment and services to the Vessel, and as such, reserves its right to amend its Complaint to reflect all charges incurred as a result of ongoing furnishing of equipment and services to the Vessel.

XII.

From approximately August 2016 through October 2016, MCR, on the order of OSF, as owner of the Vessel, provided services and equipment aboard the Vessel that were essential to and necessary for the operation of the Vessel and the accomplishment of its mission.

XIII.

All told, OSF incurred charges to MCR for necessary equipment and services provided to the Vessel in an amount totaling FIFTY THOUSAND EIGHTY-NINE AND 93/100 ($50,089.93) DOLLARS as near as can presently be determined. As of the date of this filing, MCR continues to provide necessary equipment and services to the Vessel, and as such, reserves its right to amend its Complaint to reflect all charges incurred as a result of ongoing furnishing of equipment and services to the Vessel.

XIV.

From approximately June 2016 through August 2016, Delta, on the order of OSF, as owner of the Vessel, provided services and equipment aboard the Vessel that were essential to and necessary for the operation of the Vessel and the accomplishment of its mission.

XV.

All told, OSF incurred charges to Delta for necessary equipment and services provided to the Vessel in an amount totaling TWENTY-SIX THOUSAND ONE HUNDRED SIXTY-THREE AND 83/100 ($26,163.83) DOLLARS as near as can presently be determined. As of the date of this filing, BBES continues to provide necessary equipment and services to the Vessel, and as such, reserves its right to amend its Complaint to reflect all charges incurred as a result of ongoing furnishing of equipment and services to the Vessel.

XVI.

Despite amicable demand, the amounts referred to above remain unpaid, and OSF is indebted to Plaintiffs for the said amounts.

XVII.

Under United States Federal Maritime Law, Plaintiffs are entitled to a maritime lien against the Vessel for the balance owed to them, and are legally entitled to seize said Vessel pursuant to their rights under the general maritime and admiralty laws of the United States and have it sold to satisfy any judgment which might be rendered in this matter. Plaintiffs provided services for the Vessel on the order of the owner or a person authorized by the owner, which services constitute necessities under the Federal Maritime Lien Act, 46 U.S.C. § 31342 as defined in 46 U.S.C. § 31301.

XVIII.

Upon information and belief, the D/B WILLIAM KALLOP is presently, or will during the pendency of this action be, on the navigable waters of the United States within the jurisdiction of this Honorable Court and is subject to arrest pursuant to Rule C of the

Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedures to enforce Plaintiffs' maritime lien on that vessel.

XIX.

All and singular, the foregoing is true and correct and within the admiralty and maritime jurisdiction of this Honorable Court.

XX.

Plaintiffs reserve the right to supplement and amend this Verified Complaint as necessary and appropriate through discovery of additional information relevant hereto.

XXI.

In accordance with applicable Local Admiralty Rules, Plaintiffs agree to hold harmless and indemnify the U.S. Marshal and all its deputies for any and all liabilities as a result of seizing the aforesaid property.

**WHEREFORE**, Plaintiffs, BAYOU BLACK ELECTRIC SUPPLY, L.L.C., SPARTAN INDUSTRIAL PRODUCTS, MORGAN CITY RENTALS and DELTA RIGGING & TOOLS, INC., pray:

1. That after due proceedings, judgment be entered herein in favor of the Plaintiffs and against Offshore Specialty Fabricators, LLC, *in personam*, in the amount of ONE HUNDRED SIXTEEN THOUSAND THREE HUNDRED SEVENTY-FOUR AND 12/100 ($116,374.12) DOLLARS, plus accrued interest, costs, attorney's fees, and all such other sums to which Plaintiffs are entitled;

2. That process issue *in rem* from this Honorable Court pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure against the D/B WILLIAM KALLOP and her engines,

tackle, equipment, appurtenances, etc., and that all persons having a claim or interest therein be cited to appear herein and answer, under oath, all and singular matters aforesaid, and that the D/B WILLIAM KALLOP be seized, condemned and sold to satisfy all amounts owed to Bayou Black Electric Supply, L.L.C., Spartan Industrial Products, Morgan City Rentals and Delta Rigging & Tools, Inc., as set forth herein;

3. That after further proceedings, judgment be entered herein in favor of the Plaintiffs and against the D/B WILLIAM KALLOP, *in rem*, in the amount of ONE HUNDRED SIXTEEN THOUSAND THREE HUNDRED SEVENTY-FOUR AND 12/100 ($116,374.12) DOLLARS, and other amounts of unpaid invoices, plus accrued interest, costs, seizure expenses, attorneys' fees and all such other sums to which Plaintiffs are entitled;

4. That the United States Marshal for this District arrest the said vessel and maintain custody over it until such time as the claimants thereto post security sufficient in form and amount to secure the Plaintiffs' claims herein;

5. That any property arrested in this proceeding be sold under the direction of this Court and that the proceeds of the sale be brought into the Court to satisfy all monies owed to Bayou Black Electric Supply, L.L.C., Spartan Industrial Products, Morgan City Rentals and Delta Rigging & Tools, Inc., as set forth herein;

6. That defendants be cited to appear and answer the matters aforesaid;

7. That this Honorable Court grant Plaintiffs such other and further relief which it may deem just and proper.

Respectfully submitted:

*/s/ Jedd S. Malish*

**JEDD S. MALISH, T.A. (#23846)**
**DAVID L. CARRIGEE (#3892)**
**BALDWIN HASPEL BURKE & MAYER, LLC**
Energy Centre – Suite 3600
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 569-2900
Facsimile: (504) 569-2099
Email: jmalish@bhbmlaw.com
Email: dcarrigee@bhbmlaw.com

***Attorneys for Plaintiffs, Bayou Black Electric Supply, L.L.C., Spartan Industrial Products, Morgan City Rentals and Delta Rigging & Tools, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of March, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

*/s/Jedd S. Malish*